Stan Peterson, Arch., Chairperson Kansas Board of Technical Professions 900 S.W. Jackson Street, Suite 507 Topeka, Kansas 66612-1257
Dear Mr. Peterson:
You inquire whether it is unlawful for an individual who is licensed to practice geology in our State to use the titles "licensed geologist," "registered geologist," or "professional geologist."
Use of the title "geologist" is considered protected in Kansas because the practice of unlicensed geology has been made unlawful.[1] However, use of a title, whether in a commercial or social setting, constitutes commercial speech,[2] so at issue is whether the First Amendment[3]
protections afforded commercial speech limit the Board's authority to ban or restrict the use of these titles.
The question of how a professional may identify himself to the public in commercial speech has come before the United States Supreme Court. InPeel v. Attorney Registration Disciplinary Commission of Illinois,[4]
the Illinois Bar sought to discipline an attorney who truthfully advertised that he was certified by the National Board of Trial Advocacy. In a split decision that found a distinction between advertising that is inherently misleading[5] and advertising that is only potentially misleading, the Court concluded that an attorney's use of the designation "Certified Civil Trial Specialist By the National Board of Trial Advocacy" was not inherently misleading and, for this reason, the State could not completely ban Peel's advertising without running afoul of the First Amendment. The Court, however, agreed that the advertising was "potentially misleading" and held that while the state may prohibit actually or inherently misleading speech entirely, potentially misleading speech can be restricted only as reasonably necessary to prevent the perceived deception.[6] In other words, the restrictions must advance a legitimate state interest, such as a state's regulation of a profession, and the interference must be in proportion to the interests served.[7]
Applying these tenets to your question, it is our opinion that although there are at present no restrictions in the statutes or regulations which would make a licensed Kansas geologist's use of the titles "licensed geologist," "professional geologist," or "registered geologist" unlawful, the Board may impose restrictions that meet constitutional muster if it finds that the titles in question are misleading. If the Board finds the titles inherently misleading, the titles may be banned entirely; in the alternative, if the titles are found to be potentially misleading, the Board may enact measures short of a total ban to prevent the deception or confusion so long as the restrictions are tailored to accomplish the goal of relieving the public's deception.[8] In regard to the second part of your question about other licensed professionals' use of titles, the same analysis would apply.
In sum, use of the titles in question involves commercial speech that is protected by the First Amendment because the use concerns lawful activity that has not been found to be misleading. If use of the titles is found to be misleading, the Board may adopt a regulation to impose restrictions on such use but any such regulation will be subject to constitutional scrutiny that requires that the state justify the need for such regulation by showing how the regulation is reasonably related to preventing the public from being deceived or misled. Any regulation that either prohibits or limits constitutionally protected commercial speech is subject to greater constitutional scrutiny than a regulation that requires that additional disclosure be added to the commercial speech.[9]
In other words, the state has less of a burden to show the need for the regulation if the regulation does not prohibit or limit but instead requires that those using the titles add additional disclosures. This analysis also would apply to use of similar titles in other technical professions.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 L. Guen Easley Assistant Attorney General
CJS:JLM:LGE:jm
[1] K.S.A. 74-7001.
[2] Abramson v. Gonzalez, 949 F.2d 1567 (11th Cir. 1992) (use of the title psychologist is commercial in nature) citing Central Hudson Gas Elec. Corp. v. Public Service Commission of New York, 447 U.S. 557, 562,100 S.Ct. 2343, 2349, 65 L.Ed.2d 341, 349 (1980) (defining commercial speech). See Bates v. State Bar of Arizona, 433 U.S. 350, 97 S.Ct. 2691,53 L.Ed.2d 810 (1977). See generally, Mason v. Florida Bar, 208 F.3d 952
(11th Cir. 2000).
[3] The First Amendment to the United States Constitution states in part: "Congress shall make no law . . . abridging the freedom of speech, or of the press. . . ." The First Amendment is made applicable to the States through the 14th Amendment to the United States Constitution.Fiske v. Kansas, 274 U.S. 380, 47 S.Ct. 655, 71 L.Ed. 1108 (1927).
[4] 496 U.S. 91, 110 S.Ct. 2281, 110 L.Ed.2d 83 (1990).
[5] See Zauderer v. Office of Disciplinary Counsel of Supreme Court ofOhio, 471 U.S. 626, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985) (lawyer advertised that clients would not have to pay legal fees if the suit was unsuccessful but failed to disclose that they would be charged the costs of the suit).
[6] 496 U.S. at 108, 110 S.Ct. 2292, 110 L.Ed. 100 (plurality); Id. at 111-12, 110 S.Ct. 2293, 110 L.Ed.2d 102 (concurrence).
[7] Ibanez v. Florida Dep't of Business Professional Regulation,512 U.S. 136, 114 S.Ct. 2084, 129 L.Ed.2d 118 (1994).
[8] Capital Leasing of Ohio, Inc. v. Columbus Municipal AirportAuthority, 13 F. Supp.2d 640, 657 (S.D.Ohio 1998); Walker v. TheBoard of Professional Responsibility of the Supreme Court of Tennessee,38 S.W.3d 540, 544 (Tenn. 2001) (a four part test has developed to test the validity of a regulation that prohibits or limits commercial speech).
[9] Walker, 38 S.W.3d at 546 (discussing the less rigorous standard applied to regulation that required more disclosure than the standard applied to regulation that prohibited or limited the commercial speech).